**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1256
_____

JAMEICE NASH,
                                        Appellant

v.

JAMES KENNEY, Mayor City of Philadelphia; SETH WILLIAMS, ADA Philadelphia
District Attorney's Office; RICHARD ROSS, Police Chief Philadelphia Police
Department and Commissioner of Philadelphia Police Department, in their individual and
official capacities; DHS DIRECTOR, Department of Human Services State of
Pennsylvania; UNITED STATES OF AMERICA; GOVERNOR TOM WOLF, PA
Governor; JOSHUA D. SHAPIRO, PA State Attorney General; JOHN A. WETZEL,
SEC. of PA DOC; ILEANA JUSINO, SCI-Houtz, RCDS. OFF. Employee; TARA ANN
MUCHMORE, SCI-Houtz. RCDS OFF. Employee; COUNTY OF PHILADELPHIA,
PA; CITY OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-17-cv-02111)
District Judge:  Honorable Paul S. Diamond
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 27, 2019
Before:  JORDAN, GREENAWAY, JR. and NYGAARD, Circuit Judges

(Opinion filed: August 29, 2019)
_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

_____

PER CURIAM

Pro se appellant Jameice Nash appeals the District Court's order dismissing his complaint. For the reasons that follow, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4(a).

In his operative amended complaint,[1] Nash alleged that he is a legal permanent resident of the United States who was arrested in June 2013 "for an alleged noncapital crime of domestic violence." ECF No. 19 at 8. He claimed that he was then detained, without bail, until he was ultimately convicted in July 2017.[2] He named numerous defendants, including, among others, the United States, Governor Tom Wolf, Attorney General Josh Shapiro, the City of Philadelphia, Mayor Jim Kenney, and Philadelphia Police Commissioner Richard Ross. He raised claims under 42 U.S.C. § 1983 alleging that the defendants falsely arrested and imprisoned him, improperly denied him bail, and deprived him of his right to a speedy trial. He sought damages of $200 million against each defendant. The defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6),

_____

constitute binding precedent.

[1] The District Court dismissed Nash's first complaint without prejudice to the filing of an amended complaint.

[2] According to the Court of Common Pleas docket sheet, he was convicted of attempted murder, aggravated assault, and other charges, and sentenced to 10-to-20 years' imprisonment. See Phila. Cty. Ct. of C.P. No. CP-51-CR-0011415-2013; see generally Orabi v. Att'y Gen., 738 F.3d 535, 537 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.").

2

and the District Court granted the motion and dismissed the amended complaint without prejudice.  Nash opted to stand on his amended complaint and filed a timely notice of appeal.[3]

We have jurisdiction under 28 U.S.C. § 1291.  See Borelli v. City of Reading, 532 F.2d 950, 951–52 (3d Cir. 1976) (per curiam).  We exercise a plenary standard of review.  See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012).  In reviewing a dismissal under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff."  Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  We may affirm on any ground supported by the record.  See Munroe v. Cent. Bucks Sch. Dist., 805 F.3d 454, 469 (3d Cir. 2015).

We agree with the District Court's disposition of this case.  To the extent that Nash raised claims of false arrest or false imprisonment, the claims are time-barred.  The statute of limitations for § 1983 claims in Pennsylvania is two years, see Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009), and these claims accrued in 2013 when Nash was arraigned, see Wallace v. Kato, 549 U.S. 384, 389–90, 397 (2007).  Nash did not file his complaint until 2017, after the limitations period expired.

---

[3] Nash also filed a motion for reconsideration, which the District Court denied.  Because Nash did not file a new or amended notice of appeal encompassing the order denying his motion for reconsideration, we lack jurisdiction to consider that order.  See Fed. R. App. P. 4(a)(4)(B)(ii); Carrascosa v. McGuire, 520 F.3d 249, 253–54 (3d Cir. 2008).

Meanwhile, Nash's malicious-prosecution and speedy-trial claims—which challenge his post-arraignment detainment—are barred by the favorable-termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that "a prisoner cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Nash's malicious-prosecution and speedy-trial claims fall within this rule. See McDonough v. Smith, No. 18-485, 2019 WL 2527474, at *4 (U.S. June 20, 2019) (discussing malicious prosecution); Betterman v. Montana, 136 S. Ct. 1609, 1615 (2016). Because Nash has not shown that his conviction has been set aside, he cannot bring these claims at this time. See Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016).

Finally, Nash has failed to state a claim with regards to being denied bail. Pennsylvania law provides that "[a]ll prisoners shall be bailable by sufficient sureties, unless . . . no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community when the proof is evident or presumption great." 42 Pa. Cons. Stat. § 5701. To the extent that the prosecutors argued that bail was not appropriate in Nash's case, they are protected by prosecutorial immunity. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Root v. Liston, 444 F.3d 127, 131 (2d Cir. 2006) ("absolute prosecutorial immunity protects a prosecutor for advocacy in connection with a bail application"). To the extent that he asserted this claim against the City of Philadelphia, he failed altogether to show that the alleged deprivation of his constitutional rights resulted from any official policy or custom. See Monell v.

4

<u>Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978); <u>see also</u> <u>Groman v. Twp. of Manalapan</u>, 47 F.3d 628, 637 (3d Cir. 1995) (finding "vague assertions" were insufficient to impose <u>Monell</u> liability).[4]

Accordingly, we will summarily affirm the District Court's judgment.

---

[4] Nash also objected to an immigration detainer that has been lodged against him, but he failed to plead a plausible claim that the detainer somehow violated his rights. <u>See generally</u> <u>City of Phila. v. Att'y Gen.</u>, 916 F.3d 276, 281 (3d Cir. 2019) (discussing use of immigration detainers).